UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAEH M. V., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, Commissioner of Social Security, <br><br> Defendant. | 1:09cv1250 DLB <br><br> ORDER REGARDING PETITION FOR FEES <br><br> (Document 16) |

This matter is before the Court on a petition for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), filed on March 15, 2010, by Plaintiff Elijaeh M. V. The Commissioner filed an opposition on March 29, 2010, arguing that the fee requested is unreasonable and should be reduced. Plaintiff filed a reply on March 30, 2010.

The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Dennis L. Beck, United States Magistrate Judge.[1]

**BACKGROUND**

Plaintiff filed the instant complaint challenging the denial of benefits on July 7, 2009.

On February 10, 2010, the Court granted the parties' stipulation for remand for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the ALJ was ordered

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge.

1

1 to obtain a review and evaluation of Plaintiff's record by a qualified pediatrician, or other
2 specialized individual, pursuant to Acquiescence Ruling ("AR") 04-1(9). Judgment was entered
3 in favor of Plaintiff on February 10, 2010.
4      By this motion, Plaintiff seeks a total of $1,632.66 in attorney fees. In opposition,
5 Defendant contends that the requested fees are unreasonable and suggests a fee award of
6 $1,127.49. In reply, Plaintiff requests payment for an additional two hours, for a total of
7 $1,977.14 in fees and costs.

## DISCUSSION

A.    Reasonableness of Request

10      Under the EAJA, a prevailing party will be awarded reasonable attorney fees, unless the
11 government demonstrates that its position in the litigation was "substantially justified," or that
12 "special circumstances make an award unjust." 28 U.S.C. § 2412 (d)(1)(A). An award of
13 attorney fees must be reasonable. Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001).
14 "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award,
15 and charges that are not properly billable to a client are not properly billable to the government.
16 Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).
17      In his motion, Plaintiff requests a total of $1,977.14. This amount includes 8.1 attorney
18 hours billed at $172.24 per hour and 4.9 hours of paralegal time billed at $106.53 per hour. This
19 amount also includes $60.00 in costs. In support of his request, Plaintiff submits an itemization
20 of time spent from July 8, 2009, through March 12, 2010.
21      Defendant does not dispute that Plaintiff is entitled to a fee award as the prevailing party,
22 nor does he dispute the hourly rates. Rather, he contends that certain attorney time and paralegal
23 time should be disallowed and the fee award reduced accordingly.

24      1.    *Attorney Time*

25      On January 8, 2010, Plaintiff's counsel, Lawrence D. Rohlfing, recorded 3 hours for
26 "review of transcript and preparation of settlement proposal." Exhibit 1, attached to Petition.
27      Defendant requests that this time be reduced to .5 hours because counsel should have
28 been able to quickly identify the AR 04-1(9) issue upon which the case was remanded at the

2

mandatory settlement stage. Defendant states that Mr. Rohlfing did not even raise the issue in his two-page settlement letter, despite its "simple and novel" nature. Opposition, 3. Instead, Defendant contends that he first identified the issue, even though counsel as qualified as Mr. Rohlfing should have "immediately" recognized it. Rather than quickly and efficiently securing settlement pursuant to AR 04-1(9), Mr. Rohlfing "engaged in a lengthy review of the record and raised non-threshold issues that were not necessary to the stipulated remand." Opposition, 4. Defendant also points out that he was involved in a similar prior case with Mr. Rohlfing, who argued that the action should be remanded pursuant to AR 04-1(9) and therefore had prior knowledge that remand could be quickly secured on this issue.

In reply, Mr. Rohlfing argues that he had an obligation to Plaintiff to identify all issues, rather than just a technical threshold issue, upon which remand could be based. He argues that a remand solely pursuant to Acquiescence Ruling 04-1(9) on a technical violation could have resulted in a second denial.

The Court agrees. Counsel would be remiss in not engaging in a thorough review of the record simply because a single, easily identifiable issue exists upon which to remand the action. It is certainly reasonable for counsel to completely review the file prior to moving forward with settlement, and such a review is not "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434. Moreover, Mr. Rohlfing is only requesting three hours for review and preparation of the settlement letter, which included substantive issues upon which he requested remand. The Court will not reduce this time to .5 hours, as such a reduction would not only be arbitrary, but would penalize Mr. Rohlfing for being a competent and effective representative. Three hours is a reasonable amount and will be allowed.

      2. *Paralegal Time*

Defendant first seeks to disallow time spent by Mr. Rohlfing's paralegal for "preparation and filing of magistrate consent form; preparation of letter to client with status," (.6 hours) and "receipt and review of magistrate consent form from the Commissioner" (.1 hours).

Defendant correctly argues that time spent for non-attorney level work is not recoverable. Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 553 (7th Cir. 1999); Sorenson v.

Concannon, 161 F.Supp.2d 1164, 1168 (D.Or. 2001) (purely clerical tasks, such as faxing, mailing, etc., are not compensable under the EAJA); Wilkett v. Interstate Commerce Comm'n, 844 F.2d 867, 875-876, n. 6 (D.C. Cir. 1988).  However, while filing consent forms with the Court and ensuring that the other party also consented may be mundane tasks, they are nonetheless tasks for which the attorney is ultimately responsible.  See eg. Williams v. Apfel, 2000 WL 684259, *2 (S.D. Ind. 2000) (preparing the complaint and return of service documents and reviewing the answer, the Commissioner's brief, motions, and court orders are not tasks typically performed by clerical staff, as the attorney is responsible for seeing that the tasks are performed correctly).  Defendant does not contend that preparing a letter to the client is non-attorney work, and therefore both the .6 hour entry and the .1 hour entry will be allowed.

Defendant next seeks to disallow .4 hours billed by the paralegal for preparing a request for an extension of time to the Appeals Council and reviewing the response.  Citing *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), Defendant argues that any task relating to the delay of counsel should not be compensated under EAJA.  *Gisbrecht,* however, holds that an attorney who seeks a portion of an award based on a contingency fee agreement and who is responsible for delay, should not be able to profit from the accumulation of benefits during the pendency of the case in court.  Id. at 808.  It does not, as Defendant suggests, prevent compensation for requesting a 30 day extension to file in this Court.  *See eg. Samuel v. Barnhart*, 316 F.Supp.2d 768 (E.D.Wis. 2004) (claimant was entitled to collect fees for time attorney spent drafting request for extension of time, where time spent was less than half of an hour and extensions of time were regularly requested and granted in Social Security cases)  The Court will allow compensation for the .4 hour entry.

   3.  *Time Spent in Preparation of Reply*

Finally, Defendant argues, without support, that any time spent by Mr. Rohlfing in preparing a reply would be unreasonable if the Court agreed with Defendant's positions in the opposition.  Regardless of whether the Court was in agreement with the arguments raised in opposition, the Court would be reluctant to deem an aspect of permitted motion practice "unreasonable."  In any event, attorneys' fees for attorney fee litigation are compensable.  Love v.

1  Reilly, 924 F.2d 1492, 1497 (9th Cir. 1991).  Counsel requests a total of two hours for time spent
2  in the negotiation process and in preparation of the motion and reply.  The Court finds this to be
3  a reasonable request.

## AWARD

Plaintiff's motion is therefore GRANTED.  Plaintiff is entitled to an award in the total amount of $1,977.14.  This amount represents compensation for 8.1 attorney hours at $172.24 per hour, 4.9 hours of paralegal time at $106.53 hours and $60.00[2] in costs.

This amount is payable to Mr. Rohlfing pursuant to the fee agreement assigning EAJA fees to counsel.

IT IS SO ORDERED.

Dated:   **June 15, 2010**              /s/ **Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE

---

[2] Defendant requests that the Court specify that the $60.00 in costs is payable by the Department of the Treasury.  The Court will not do so, however, as it is not the Court's responsibility to determine what federal agency pays the fees and costs awarded herein.